***HALEY WEINBLATT & CALCAGNI, LLP***
1601 Veterans Memorial Highway, Suite 425
Islandia, New York 11749
631-582-5151

July 16, 2014

United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
Attn: Saritha Komatireddy
     Assistant U.S. Attorney

RE: <u>United States v. Philip Kenner & Tommy C. Constantine</u>
     Docket Number: 13-CR-607 (JFB)

Dear Ms. Komatireddy:

At the time of the last court appearance on June 6, 2014, I mentioned to Judge Bianco the problem my client had encountered in accessing the information contained on the two terabyte size hard drives previously delivered to the defense as part of the Rule 16 disclosure. The information contained on these two hard drives is derived from the Apple Macbook Pro computer ("Apple laptop") seized from my client's residence pursuant to the underlying search warrant in this matter. Unfortunately, the operating system for the Apple laptop is incompatible with the operating system contained on the Microsoft PC computers ("PC") maintained on the Queens Private Correctional Facility (QPCF) where my client is incarcerated and he has limited access to the information contained on the hard drives when mated with the PC. In response to my comment, Judge Bianco suggested that we work cooperatively to solve the problem. Having made inquiry, I am advise that no pre-trial detention facility in the metropolitan area for federal inmates has a compatible Apple laptop computer for use by an inmate.

Shortly after the court appearance I spoke telephonically with Mr. Miskiewicz and suggested that the most efficacious way to solve the problem is to return the Apple laptop for delivery to my client at the QPCF in order that he may access the information contained on the laptop computer which includes e-mail communications, scanned documents, internal memorandums, videotaped depositions, etc. This information is highly relevant to the defense of the matter and some of the information has previously been provided by way of Rule 16 disclosure. Given the technical resources of the Federal Bureau of Investigation, I imagine that the Bureau is fully capable or producing a mirror image of the Macbook hard drive for its use and has already done so as evidenced by the Rule 16 disclosure and creation of the two hard drives. Indeed, I envision that upon the trial of the matter information contained on the Apple laptop will be presented to the court and jury without its actual use but the use of a mirror hard drive for indexing and display.

In furtherance of resolving the problem, I offered to execute on behalf of my client a broad stipulation waiving any an all objections at trial to the admissibility of information contained on

Apple laptop as recreated on mirror hard drives maintained by the government, subject to objections to relevance, materiality and/or undue prejudice. I also spoke with the Warden at the QPCF who agreed to allow my client to access the Apple laptop in the law library where it would be secured for his exclusive use. He did request that the Apple laptop be accompanied with a stipulation signed by the government and the defense for its use by my client at the QPCF.

During the course of our last telephone conversation, you stated that you and Mr. Miskiewicz had reservations about my proposal but had not, as yet, made a decision. At this time, I advised you that I had inquired of the National Litigation Support Office for CJA counsel which does not have a Apple Macbook Pro computer for delivery and use by CJA counsel. I was advised, however, that CJA form 21 may be used to purchase such a computer if approved by the court and, upon completion of the case, the laptop would be delivered to the National Litigation Support Office.

Since our last telephone conference, I have explored the purchase price of a Macbook Pro computer on the internet and been confronted with a variety of products. I have also explored the retention of an IT consultant to be paid from CJA funds to ensure that the Macbook Pro computer to be purchased will readily access the information contained on the two hard drives. On both fronts, I have encountered problems. Because my client does not recall the Model Number of his Apple laptop, the internet search is too broad. Accordingly, kindly provide the Model Number of the Apple laptop in order to narrow the search and ensure that a compatible laptop is researched and priced. Additionally, if you know the identity of a local IT consultant utilized by CJA counsel in the past please advise since the only IT consultant I have engaged previously has moved to the West Coast and my inquiry of my colleagues has been unavailing.

I write this letter in the spirit of Judge Bianco's suggesting that we work "cooperatively" on the problem as previously noted. Again, I request that you consider and respond affirmatively to my earlier proposal for return of the Apple laptop under the conditions as described in this letter. Although it is not claimed that the Apple laptop was unlawfully searched and seized, F.R.Crim. P. 41(g) permits that a person "aggrieved...by the deprivation may move for the property's return..." (and) "the court may impose conditions to protect access to the property and its use in later proceedings." Here, of course, my client is "aggrieved" by his inability to access information contained on the Apple laptop vital to the defense of the action, Presently, it is not my intention to engage in motion practice on the issue but I am concerned that a "used" Apple laptop rather than the original Apple laptop may not be able to access all the information contained on the two hard drives and equally concerned about the continuing delay in accessing the information contained on the two hard drives despite my best efforts.

Thank you for your continued courtesy and cooperation in this matter and I look forward to your reply.

Very truly yours,

*Richard D. Haley*

RICHARD D. HALEY